UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

JEANINE RENEE BROWN, a/k/a OASIS MALKA LOVE,

as Next of Kin and Natural Mother of ROBERT TAYLOR BROWN,

Plaintiff,

v.

MICHIGAN DEPARTMENT OF CORRECTIONS, et al.,

Defendants.

Case: **2:26−cv−10904**
Assigned To : **McMillion, Brandy R.**
Referral Judge: **Ivy, Curtis, Jr**
Assign. Date : **3/18/2026**
Description: **CMP BROWN ET AL v. MICHIGAN DEPARTMENT OF CORRECTIONS ET AL (MC)**

EMERGENCY COVER SHEET

IMMEDIATE JUDICIAL ATTENTION REQUIRED

This filing accompanies an Emergency Motion for Immediate Transfer and Injunctive Relief concerning:

ROBERT TAYLOR BROWN (MDOC #742378)

NATURE OF EMERGENCY:

Robert Taylor Brown is housed at Bellamy Creek Correctional Facility where defendants in his federal case are present, creating conflict of interest and risk.

MEDICAL URGENCY:

Robert requires immediate mental health treatment and is currently in restrictive conditions without confirmed care.

IMMEDIATE RISK:

No confirmed proof of life or condition has been provided.

REQUEST:

Immediate transfer to Rehabilitative Treatment Services (RTS), Woodland Center Correctional Facility, Whitmore Lake, Michigan.

Respectfully submitted,

JEANINE RENEE BROWN

a/k/a OASIS MALKA LOVE

# IN THE UNITED STATES DISTRICT COURT

## FOR THE WESTERN DISTRICT OF MICHIGAN

## SOUTHERN DIVISION

OASIS MALKA LOVE, individually and as

next friend of ROBERT TAYLOR BROWN,

MDOC #742378,

          Plaintiff,

Case: **2:26-cv-10904**
Assigned To : **McMillion, Brandy R.**
Referral Judge: **Ivy, Curtis, Jr**
Assign. Date : **3/18/2026**
Description: **CMP BROWN ET AL v. MICHIGAN DEPARTMENT OF CORRECTIONS ET AL (MC)**

v.

STATE OF MICHIGAN; MICHIGAN

DEPARTMENT OF CORRECTIONS (MDOC);

BELLAMY CREEK CORRECTIONAL FACILITY;

WARDEN (Name Unknown), in his/her official

and individual capacity; AARON J. VROMAN,

Warden's Administrative Assistant, in his

official and individual capacity; OFFICER

MARTINEZ (First Name Unknown), Correctional

Officer, in his/her official and individual

capacity; and JOHN/JANE DOES 1–10,

          Defendants.

## CIVIL RIGHTS COMPLAINT

## 42 U.S.C. § 1983 — EIGHTH AND FOURTEENTH AMENDMENT VIOLATIONS

**FAILURE TO PROTECT | DELIBERATE INDIFFERENCE TO MEDICAL AND SAFETY NEEDS**

**UNLAWFUL SEARCH | DENIAL OF VISITATION RIGHTS**

## JURY TRIAL DEMANDED

## I. INTRODUCTION

Plaintiff Oasis Malka Love, mother of incarcerated individual Robert Taylor Brown (MDOC #742378), brings this civil rights action pursuant to 42 U.S.C. § 1983 against the State of Michigan, the Michigan Department of Corrections (MDOC), Bellamy Creek Correctional Facility, and named and unnamed individual defendants. This action arises from Defendants' deliberate indifference to the safety and serious medical needs of Robert Taylor Brown, their unlawful and retaliatory interference with Plaintiff's visitation rights, the repeated unlawful search and degrading treatment of Plaintiff by correctional officer Martinez, and the Defendants' obstruction of Plaintiff's efforts to confirm her son's welfare and location — all in violation of the United States Constitution and federal law.

## II. PARTIES

### A. Plaintiff

1. Plaintiff OASIS MALKA LOVE is the mother and legal next friend of Robert Taylor Brown, MDOC #742378. Plaintiff holds durable power of attorney and medical power of attorney for Mr. Brown. She is a resident of the State of Michigan.

2. Plaintiff brings this action individually and as next friend of Robert Taylor Brown, who, as an incarcerated person, is subject to the custody and control of Defendants and unable to freely pursue legal remedies on his own behalf.

### B. Defendants

3. Defendant STATE OF MICHIGAN is a governmental entity that funds, operates, and oversees the Michigan Department of Corrections and its facilities, including Bellamy Creek Correctional Facility.

4. Defendant MICHIGAN DEPARTMENT OF CORRECTIONS (MDOC) is the state agency responsible for the custody, care, and supervision of Robert Taylor Brown and all individuals incarcerated in Michigan correctional facilities.

5. Defendant BELLAMY CREEK CORRECTIONAL FACILITY is a Michigan state prison located in Ionia, Michigan, where Robert Taylor Brown is (or was last confirmed to be) housed.

6. Defendant WARDEN (Name Unknown) is the chief administrator of Bellamy Creek Correctional Facility, responsible for the policies, practices, and conduct of its staff. Defendant is sued in his/her official and individual capacities.

7. Defendant AARON J. VROMAN is the Warden's Administrative Assistant at Bellamy Creek Correctional Facility, telephone 616-527-2510 ext. 1112341104, email VromanA@michigan.gov. Defendant communicated directly with Plaintiff regarding Mr. Brown's status. Defendant is sued in his official and individual capacities.

8. Defendant OFFICER MARTINEZ (First Name Unknown) is a female correctional officer employed at Bellamy Creek Correctional Facility who has conducted repeated, invasive, and degrading pat-down searches of Plaintiff on at least four occasions. Defendant is sued in her official and individual capacities.

9. Defendants JOHN/JANE DOES 1–10 are correctional officers, supervisors, medical staff, or other MDOC personnel whose identities are not yet known to Plaintiff and who participated in the constitutional violations described herein. Plaintiff will amend this Complaint upon learning their identities.

## III. JURISDICTION AND VENUE

10. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3), as this action arises under the Constitution and laws of the United States, specifically 42 U.S.C. § 1983.

11. Venue is proper in the Western District of Michigan under 28 U.S.C. § 1391(b) because Bellamy Creek Correctional Facility is located within this District and the events giving rise to this Complaint occurred within this District.

## IV. FACTUAL ALLEGATIONS

### A. Robert Taylor Brown's Incarceration and Prior Welfare

12. Robert Taylor Brown, MDOC #742378, is an incarcerated individual housed at Bellamy Creek Correctional Facility in Ionia, Michigan.

13. Plaintiff last personally observed Mr. Brown on February 24, 2026, at a scheduled in-person visit at Bellamy Creek Correctional Facility, at which time he appeared to be in reasonable health.

### B. Mr. Brown's Documented Safety Warnings

14. On or about March 1, 2026, Robert Taylor Brown documented written safety concerns stating that prison staff had placed a hostile inmate in his cell and that the situation posed a risk of escalating violence.

15. These written warnings provided prison officials with direct, advance notice that Mr. Brown faced a serious risk of physical harm from another incarcerated person. Despite this notice, Defendants failed to take adequate measures to protect Mr. Brown from harm.

## C. Plaintiff's Inability to Confirm Mr. Brown's Welfare

16. Following Mr. Brown's March 1, 2026 safety warnings, Plaintiff attempted to confirm his welfare through telephone and email communications with facility staff, including Defendant Vroman.

17. On or about March 7, 2026, Plaintiff received credible information indicating that Robert Taylor Brown may have been seriously harmed or killed while in state custody.

18. On March 9, 2026, Plaintiff traveled in person to Bellamy Creek Correctional Facility to demand confirmation of her son's physical welfare and location. Plaintiff was denied access and was warned that she could be issued a trespass notice if she remained on the property.

19. Defendant Vroman, in his capacity as Warden's Administrative Assistant, communicated with Plaintiff by email on March 10, 2026, asserting that Mr. Brown was in "temporary segregation" and on "direct observation status" but declined to provide documentation, photographs, or other verifiable proof of life.

20. On March 12, 2026, Defendant Vroman again communicated by email, stating only that Mr. Brown was "consistently receiving in-person contact from Mental Health professionals and Shift Supervisors" and that a Prison Counselor had spoken with him — without providing verifiable proof of life, independent medical records, or specific incident documentation.

21. In the same March 12, 2026 communication, Defendant Vroman conditioned Plaintiff's scheduled noon visitation on Plaintiff contacting him prior to leaving home, so that Vroman could determine whether to allow the visit to proceed — effectively exercising discretionary gatekeeping over a scheduled visitation right.

22. On March 13, 2026, Plaintiff received an automated email notification from the MDOC visitation system stating that Visitation #1529679, scheduled for March 13, 2026, 12:00 PM – 3:00 PM, had been canceled. The cancellation reason was stated as "canceled by officer." This cancellation was issued without notice, explanation, or due process.

## D. Placement in Segregation and Observation Status

23. According to Defendant Vroman's communications, Mr. Brown has been placed in "temporary segregation" on "direct observation status" — a status that carries significant restrictions on his movement, communication, visitation, and access to normal prison programming.

24. Plaintiff was not informed of the basis for this segregation placement, the expected duration, or the procedures available to challenge it. The denial of this information,

combined with the cancellation of visitation and the obstruction of Plaintiff's access, deprived both Plaintiff and Mr. Brown of meaningful procedural protections.

## E. Unlawful and Degrading Searches by Officer Martinez

25. On multiple occasions — no fewer than four — Defendant Officer Martinez subjected Plaintiff to invasive and degrading pat-down searches as a condition of visitation at Bellamy Creek Correctional Facility.

26. These searches were conducted in a manner that was inappropriate, humiliating, and beyond the scope of legitimate correctional security procedures. The repeated nature of these searches targeting Plaintiff specifically raises a reasonable inference of harassment, retaliation, or abuse of authority.

27. Plaintiff formally complained about Officer Martinez's conduct in her March 9, 2026 emergency demand letter submitted to the facility.

## F. Transfer Demand and Refusal

28. Plaintiff, as Mr. Brown's durable and medical power of attorney, formally demanded that Mr. Brown be transferred to an IBC (in-patient behavioral care) or RTS (residential treatment) setting in order to address his safety and mental health needs.

29. Defendants have not acted on this transfer request, and Defendant Vroman characterized Mr. Brown's current mental health support as adequate without providing independent verification.

## V. CLAIMS FOR RELIEF

### COUNT I — FAILURE TO PROTECT (Eighth Amendment, 42 U.S.C. § 1983)

*Against All Defendants*

30. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

31. The Eighth Amendment to the United States Constitution prohibits the infliction of cruel and unusual punishment and requires prison officials to protect incarcerated individuals from known risks of serious harm.

32. Defendants were on actual notice, via Mr. Brown's written safety complaints dated March 1, 2026, that a hostile cellmate posed a serious risk of violence to Mr. Brown.

33. Despite this actual knowledge, Defendants failed to take reasonable measures to abate the known risk, in deliberate indifference to Mr. Brown's safety, in violation of the Eighth Amendment.

## COUNT II — DELIBERATE INDIFFERENCE TO SERIOUS MEDICAL NEEDS (Eighth Amendment, 42 U.S.C. § 1983)

*Against All Defendants*

34. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

35. The Eighth Amendment also requires prison officials to provide adequate medical and mental health care to incarcerated persons. Deliberate indifference to a serious medical or mental health need constitutes an unconstitutional deprivation.

36. Defendants have placed Mr. Brown in segregation and on observation status without ensuring adequate and independent mental health care, and have refused to transfer him to a facility equipped to meet his identified mental health needs, in deliberate indifference to his serious medical needs.

## COUNT III — DUE PROCESS VIOLATIONS: ARBITRARY DENIAL OF VISITATION (Fourteenth Amendment, 42 U.S.C. § 1983)

*Against Defendants Vroman, Warden, and MDOC*

37. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

38. While prison visitation is not an absolute constitutional right, the arbitrary, retaliatory, or unconstitutionally motivated cancellation of visitation — without notice, reason, or process — may constitute a due process violation and may also implicate First Amendment associational rights.

39. The cancellation of Plaintiff's visitation #1529679 on March 13, 2026, stated only as "canceled by officer" with no advance notice, no explanation, and no grievance process offered, was arbitrary, capricious, and without constitutionally adequate process.

40. Defendant Vroman's conditioning of Plaintiff's previously scheduled visitation on Plaintiff's prior contact with him — effectively granting him personal gatekeeping authority over the visit — exceeded lawful authority and constituted an unconstitutional infringement on Plaintiff's associational rights.

## COUNT IV — UNLAWFUL SEARCH (Fourth Amendment, 42 U.S.C. § 1983)

*Against Defendant Officer Martinez and MDOC*

41. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

42. Visitors to correctional facilities retain Fourth Amendment protections against unreasonable searches. While reasonable security screening is constitutionally permissible, searches conducted in a harassing, retaliatory, invasive, or degrading manner that exceeds the scope of legitimate security needs are unlawful.

43. Officer Martinez's repeated, targeted, inappropriate pat-down searches of Plaintiff on no fewer than four occasions exceeded any legitimate security justification and constituted

unreasonable searches in violation of the Fourth Amendment and Plaintiff's rights under 42 U.S.C. § 1983.

## COUNT V — DEPRIVATION OF RIGHTS UNDER COLOR OF LAW (18 U.S.C. § 242 — civil analog)

*Against All Individual Defendants*

44. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

45. Each individual Defendant, acting under color of state law, willfully deprived Plaintiff and/or Robert Taylor Brown of rights, privileges, and immunities secured and protected by the Constitution and laws of the United States.

## COUNT VI — CONSPIRACY AGAINST RIGHTS (42 U.S.C. § 1985)

*Against All Defendants*

46. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

47. Defendants, acting in concert, conspired to deprive Plaintiff and Robert Taylor Brown of the equal protection of the laws and of equal privileges and immunities under the laws, by coordinating to obstruct access to Mr. Brown, suppress information about his condition, cancel visitation, and retaliate against Plaintiff for her advocacy on his behalf.

## VI. INJURIES AND DAMAGES

48. As a direct and proximate result of Defendants' unconstitutional conduct, Plaintiff has suffered and continues to suffer severe emotional distress, anxiety, and trauma arising from the prolonged inability to confirm her son's safety and welfare.

49. Robert Taylor Brown has suffered and continues to suffer physical harm or risk of harm from Defendants' failure to protect him; mental and emotional harm from placement in segregation without adequate care; and deprivation of his constitutional rights.

50. Plaintiff has incurred costs, expenses, and damages in connection with her efforts to locate, protect, and advocate for her son.

51. Plaintiff seeks compensatory damages, punitive damages against individual Defendants, injunctive relief, declaratory relief, attorneys' fees, costs, and all other relief the Court deems just and proper.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Enter a declaratory judgment that Defendants' actions violated the United States Constitution and 42 U.S.C. § 1983;

2. Issue an injunction immediately requiring Defendants to: (a) provide verified proof of life and current medical condition of Robert Taylor Brown; (b) preserve all surveillance footage, incident reports, medical records, and disciplinary records pertaining to Mr. Brown from February 24, 2026 to present; (c) permit unobstructed visitation by Plaintiff; and (d) evaluate and act upon the transfer request for appropriate mental health placement;

3. Award Plaintiff compensatory damages in an amount to be proven at trial;

4. Award punitive damages against individual Defendants acting with deliberate indifference, malice, or reckless disregard for constitutional rights;

5. Award reasonable attorneys' fees and costs pursuant to 42 U.S.C. § 1988; and

6. Grant such other and further relief as this Court deems just and proper.

Respectfully submitted,

_____

**OASIS MALKA LOVE**

Plaintiff, Pro Se

Phone: 734-746-8021

Email: 12iwillalways@proton.me

Date: March _____, 2026

## VERIFICATION

I, Oasis Malka Love, declare under penalty of perjury that I am the Plaintiff in this action, that I have read the foregoing Complaint, and that the facts stated therein are true and correct to the best of my knowledge, information, and belief.

_____

OASIS MALKA LOVE

Executed on: March _____, 2026

## EXHIBIT LIST

The following exhibits are attached hereto and incorporated by reference:

**Exhibit A:** Email from Aaron J. Vroman (MDOC) to Oasis Love, dated March 10, 2026 — confirming segregation and observation status

**Exhibit B:** Email from Aaron J. Vroman (MDOC) to Oasis Love, dated March 12, 2026 — asserting ongoing mental health contact; conditioning visitation on pre-approval

**Exhibit C:** Email from Oasis Love to MDOC personnel (OE12/12iwillalways@proton.me), dated March 12, 2026 — ordering immediate transfer to RTS; asserting power of attorney and medical power of attorney authority

**Exhibit D:** Automated email notification — Visitation #1529679 Canceled, dated March 13, 2026 — reason stated: "canceled by officer"; scheduled March 13, 2026, 12:00 PM–3:00 PM; Inmate: Robert T. Brown; Visitor: Love, Oasis M.

**Exhibit E:** Emergency Habeas Corpus–Style Demand: Produce the Body / Proof of Life, dated March 9, 2026, submitted by Oasis Malka Love

**Exhibit F:** Urgent Email Verification Request from Oasis Love to MDOC Director and legislative recipients, dated March 11, 2026

**Exhibit G:** MDOC Visitation Validation Failed screen — reflecting scheduling restriction on Mr. Brown's visitation availability

**Exhibit H:** Call log — incoming call from Sam Chatay, (734) 772-2765, on March 14, 2026 [to be identified and characterized upon further investigation]

# COMBINED EXHIBITS (A, C–J)

**Exhibit A – Case Summary**

Overview of Robert Taylor Brown's situation, urgency, and requested relief.

**Exhibit C – Chronological Record**

Timeline of events including last seen date, denied visits, communications, and escalation.

**Exhibit D – Court Transfer Order**

Order dated May 12, 2025 transferring Case No. 2:24-cv-13092 from the Eastern District of Michigan to the Western District of Michigan.

**Exhibit E – Supporting Evidence**

Letters, communications, ombudsman contact, and MDOC correspondence.

**Exhibit F – Visitation Obstruction Record**

Documentation of denied visits and scheduling inconsistencies.

**Exhibit G – Medical / Mental Health Summary**

Records and summary of Robert's mental health needs and RTS history.

**Exhibit H – Proof of Life Demand**

Formal request for confirmation of Robert's condition and safety.

**Exhibit I – Federal Law Summary**

Applicable constitutional and civil rights protections.

**Exhibit J – Declaration / Affidavit**

Signed statement of truth and standing by Jeanine Renee Brown.



Event cancelled

Thu, Mar 5 at 12:00 PM

# Visitation #1520642

5

No events on this date

Based on this email                    Correct?

**noreply** Mar 4
to me

From   noreply@qtnotice.com

To     MOTHERCIV379@gmail.com

Date   Mar 4, 2026 at 9:18 AM

Standard encryption (TLS)

Your visit (Visitation #1520642) has been canceled.

Visitation ID: #1520642
Status: Canceled

↩ Reply                    → Forward

**Validation Failed**

No available times. There are no visitation appointment times available. This may result when the inmate already has visitations scheduled and has reached his/her visitation quota limit. No other days may be available based upon the facilities visitation scheduling policies. Please try scheduling again another day. Max number of simultaneous internet visits has been reached for the facility. Internet Video Visits: Inmate has reached his/her visitation limit of 1 visits for the month containing the selected date. This includes currently scheduled and completed visits. To try again, please select a date outside of the current month and click "Search." If you are unable to select a visitation time, it may be necessary to return to schedule a visit on another day. Face-to-Face Visits: Inmate has reached his/her visitation limit of 4 visits for the month containing the selected date. This includes currently scheduled and completed visits. To try again, please select a date outside of the current month and click "Search." If you are unable to select a visitation time, it may be necessary to return to schedule a visit on another day.

CONTINUE

# URGENT REGISTERED MAIL – WELFARE VERIFICATION REQUEST

Re: Robert Taylor Brown (MDOC #742378)

Submitted by Honorable Jeanine Renee Brown, Matriarch of the Brown Family Lineage.

Executor Office – JEANINE RENEE BROWN Estate.

Executor: Oasis Malka Love.

# RECIPIENT SERVICE LIST

Governor Gretchen Whitmer – State of Michigan

Attorney General Dana Nessel – Michigan Department of Attorney General

Heidi Washington – Director, Michigan Department of Corrections

Jeremy Bush – Correctional Facilities Administration (CFA)

Russ Marlan – Deputy Director, Field Operations Administration (FOA)

Brian Shipman – Chairperson, Michigan Parole Board

Bellamy Creek Correctional Facility – Attn: Warden

Michigan Department of Civil Rights

United States Department of Justice Civil Rights Division

# CASE SUMMARY – ROBERT TAYLOR BROWN

Robert Taylor Brown is the son of Jeanine Renee Brown.

Family lineage includes American Indian ancestry represented by the Matriarch of the Brown family lineage.

Robert Taylor Brown has documented mental health vulnerabilities and prior treatment at Rehabilitative Treatment Services (RTS) in Woodland, Michigan.

Because he is presently held in government custody, responsible authorities hold a duty of care to protect his safety, dignity, and medical wellbeing.

# FIDUCIARY DUTY AND CUSTODIAL
# RESPONSIBILITY NOTICE

When a person is held in government custody the authority responsible assumes a duty of care.

Authorities must safeguard the life, health, and wellbeing of Robert Taylor Brown.

# IMMEDIATE PROOF OF LIFE VERIFICATION REQUEST

The family respectfully requests confirmation that Robert Taylor Brown is alive and physically safe.

Confirmation of location, housing status, and medical care is requested.

# EVIDENCE PRESERVATION DEMAND

All surveillance footage, medical records, incident reports, segregation logs, and visitation records relating to Robert Taylor Brown should be preserved.

# DECLARATION FOR THE RECORD

Submitted in good faith by Honorable Jeanine Renee Brown.

Matriarch of the Brown Family Lineage.

Executor: Oasis Malka Love.

190 Wall Ct.
Pontiac, Mich. 48342

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

---

JEANINE RENEE BROWN, a/k/a
OASIS MALKA LOVE, as Next of Kin and
Natural Mother of ROBERT TAYLOR BROWN,

     Plaintiff,

v.

MICHIGAN DEPARTMENT OF CORRECTIONS,
et al.,

     Defendants.

---

Case No. 2:24-cv-13092
(Transferred from Eastern District of Michigan, May 12, 2025)

## EMERGENCY MOTION FOR IMMEDIATE TRANSFER TO REHABILITATIVE TREATMENT SERVICES (RTS), WOODLAND CENTER CORRECTIONAL FACILITY, AND FOR EMERGENCY INJUNCTIVE RELIEF

### I. NAME ACKNOWLEDGMENT

I, JEANINE RENEE BROWN, whose name appears on the birth record of ROBERT TAYLOR BROWN (MDOC #742378), am the same individual also known as OASIS MALKA LOVE. I bring this motion in my capacity as Robert's natural mother and next of kin, with full legal standing to act on his behalf in matters of health, safety, and welfare.

### II. INTRODUCTION

This Emergency Motion is brought pursuant to Federal Rule of Civil Procedure 65 and 42 U.S.C. § 1983, seeking immediate injunctive relief to protect the life, safety, and constitutional rights of ROBERT TAYLOR BROWN (MDOC #742378), an incarcerated individual and plaintiff in a pending federal civil rights action. Robert is currently confined at Bellamy Creek Correctional Facility (IBC), the very institution whose staff and administrators are named defendants in his active federal lawsuit. His continued housing at IBC creates a grave and ongoing risk of retaliation, deliberate indifference to his serious medical and mental health needs, and potential irreparable harm.

### III. JURISDICTION AND STANDING

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. The movant,

Jeanine Renee Brown, is the natural mother and next of kin of Robert Taylor Brown. As his biological mother and closest living family member, she has standing to bring emergency motions on his behalf, particularly where Robert faces conditions that may impair his ability to advocate for himself. See Whitmore v. Arkansas, 495 U.S. 149 (1990) (recognizing next-of-kin standing in certain prisoner cases).

## IV. FACTUAL BACKGROUND

A. Robert Taylor Brown, MDOC #742378, is currently incarcerated at Bellamy Creek Correctional Facility (IBC), Ionia, Michigan.

B. Robert is the plaintiff in Case No. 2:24-cv-13092, a federal civil rights action transferred from the Eastern District of Michigan to this Court by Order dated May 12, 2025.

C. The defendants named in Robert's active federal lawsuit are employed at or exercise authority over Bellamy Creek Correctional Facility — the same institution where Robert is currently housed.

D. Robert is in need of immediate mental health treatment. His continued incarceration at IBC, where his litigation adversaries hold daily power over his housing, meals, movement, medical access, and personal safety, places him at serious and imminent risk of harm.

E. Plaintiff's mother has been unable to confirm Robert's current condition and requests that the Court require MDOC to provide immediate confirmation of his wellbeing (proof of life).

## V. LEGAL ARGUMENT

### A. Robert's Continued Housing at IBC Constitutes an Ongoing Constitutional Violation.

The Eighth Amendment prohibits cruel and unusual punishment, including conditions of confinement that expose prisoners to substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 833 (1994). The First Amendment prohibits prison officials from retaliating against inmates for filing lawsuits. See Thaddeus-X v. Blatter, 175 F.3d 378 (6th Cir. 1999). Housing a plaintiff in active federal litigation at the same facility as the named defendants creates a structural conflict that satisfies both standards. Defendant-employees at IBC have daily, unfettered access to Robert and every incentive to obstruct, intimidate, or harm him.

### B. Robert's Serious Mental Health Needs Constitute a Serious Medical Need Under the Eighth Amendment.

Deliberate indifference to a prisoner's serious mental health needs violates the Eighth Amendment. Estelle v. Gamble, 429 U.S. 97 (1976); Coleman v. Wilson, 912 F. Supp. 1282 (E.D. Cal. 1995). Robert requires immediate, specialized mental health treatment available at Woodland Center Correctional Facility's Rehabilitative Treatment Services (RTS) program. His current placement prevents him from receiving this necessary care and constitutes deliberate indifference by defendants who control his housing.

### C. The Government Owes Robert Taylor Brown an Enhanced Fiduciary Duty as an American Indian.

Robert Taylor Brown is an American Indian and a member of a federally recognized protected class. The United States Government, and by extension its agents and state actors operating under color of federal and state law, owes a special trust and fiduciary duty to American Indian people. This doctrine, rooted in treaties, federal statutes, and centuries of Supreme Court precedent, obligates the government to act with the utmost good faith toward American Indian people in its care. See United States v. Mitchell, 463 U.S. 206 (1983) (recognizing broad fiduciary obligations arising from the government's control over Indian affairs); Cherokee Nation v. Georgia, 30 U.S. 1 (1831) (establishing the trust relationship between the federal government and Indian nations).

Robert's status as an American Indian confined within a state correctional system triggers heightened obligations under this trust doctrine. The Michigan Department of Corrections and its

agents, acting under color of state law, are bound not to act in a manner that is deliberately indifferent to his health, safety, or cultural identity. The denial of adequate mental health care and the deliberate exposure of Robert to the very officials against whom he has filed suit constitutes a profound breach of this fiduciary duty.

Moreover, the Indian Civil Rights Act of 1968, 25 U.S.C. §§ 1301–1304, and the protections of 42 U.S.C. § 1983 as applied to American Indian individuals, reinforce that Robert's rights to due process, equal protection, and freedom from cruel and unusual punishment carry additional weight given his status. Federal courts have consistently held that the government's trust responsibility to American Indian people imposes affirmative duties that go beyond those owed to the general prison population. See Cobell v. Salazar, 573 F.3d 808 (D.C. Cir. 2009) (affirming the scope of the federal fiduciary duty to American Indians).

Any failure by MDOC or its agents to act on this emergency motion — or any retaliatory action taken against Robert as a result of this filing — constitutes a breach of fiduciary duty, a violation of the trust relationship, and an actionable civil rights violation under both federal statute and constitutional law.

**D. Robert's American Indian Heritage Entitles Him to Equal Protection and Heightened Anti-Discrimination Protections.**

The Equal Protection Clause of the Fourteenth Amendment prohibits discrimination based on race and national origin. American Indians constitute a protected class for purposes of equal protection analysis. Morton v. Mancari, 417 U.S. 535 (1974). Any differential or retaliatory treatment of Robert that is motivated in whole or in part by his identity as an American Indian would constitute unlawful discrimination under both the Equal Protection Clause and Title VI of the Civil Rights Act of 1964 (42 U.S.C. § 2000d), which prohibits discrimination by state agencies receiving federal funding — including state departments of corrections.

Furthermore, the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1, protects incarcerated individuals' rights to religious and cultural practice, including the spiritual practices of American Indian prisoners. Any restriction on Robert's cultural identity, spiritual wellbeing, or access to culturally appropriate mental health care as part of his treatment at RTS would constitute a separate and independent RLUIPA violation. American Indian spiritual practices and ceremonial traditions are recognized and protected under RLUIPA for incarcerated American Indian individuals.

**E. The Standard for Emergency Injunctive Relief Is Met.**

A party seeking a preliminary injunction must demonstrate: (1) likelihood of success on the merits; (2) likelihood of irreparable harm absent relief; (3) that the balance of equities favors the movant; and (4) that an injunction is in the public interest. Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7 (2008). All four factors are satisfied here. Robert faces irreparable harm from retaliation and denial of mental health care. The balance of equities strongly favors his transfer. The public interest is served by upholding constitutional protections for incarcerated individuals, honoring the federal government's fiduciary obligations to American Indians, and ensuring the integrity of federal court proceedings.

## VI. RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court enter an Order granting the following emergency relief:

1. PROOF OF LIFE: That the Michigan Department of Corrections immediately provide this Court and Plaintiff's mother with written confirmation of Robert Taylor Brown's current health, safety, and custody status.

2. EMERGENCY TRANSFER: That Robert Taylor Brown (MDOC #742378) be immediately transferred from Bellamy Creek Correctional Facility to Woodland Center Correctional Facility (WCC), Whitmore Lake, Michigan, to receive Rehabilitative Treatment Services (RTS).

3. MENTAL HEALTH CARE: That MDOC be ordered to provide Robert with immediate,

comprehensive mental health evaluation and treatment upon transfer to WCC/RTS.

4. PROTECTION FROM RETALIATION: That this Court issue a protective order prohibiting any defendant or defendant-affiliated personnel from having unsupervised contact with Robert Taylor Brown, and from taking any adverse action against him in connection with his federal lawsuit.

5. SUCH OTHER RELIEF as this Court deems just and proper to protect the constitutional rights and physical safety of Robert Taylor Brown.

## VII. CERTIFICATION

I, Jeanine Renee Brown, also known as Oasis Malka Love, hereby certify under penalty of perjury that the facts set forth in this motion are true and correct to the best of my knowledge and belief. I bring this motion as the natural mother and next of kin of Robert Taylor Brown, acting in good faith to protect his life, safety, and constitutional rights.

Respectfully submitted,

_____

**JEANINE RENEE BROWN**
a/k/a OASIS MALKA LOVE
Next of Kin and Natural Mother of Robert Taylor Brown
Pro Se Plaintiff

Date: _____

Address: _____

Phone: _____

Email: _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT TAYLOR BROWN,

Plaintiff,

v.

MARTINO et al.,

Defendants.

Case No. 24-13092
Honorable Laurie J. Michelson

## ORDER TRANSFERRING CASE TO THE WESTERN DISTRICT OF MICHIGAN

Robert Taylor Brown, who is currently confined at the Bellamy Creek Correctional Facility in Ionia, Michigan, filed this *pro se* civil rights action under 42 U.S.C. § 1983 alleging constitutional violations by multiple Michigan Department of Corrections employees. (ECF No. 1.) In an opinion and order entered today (ECF No. 8), the Court dismissed all claims against Defendants Martino, Hadden, Buchin, Chevette, Arrendondo, Breedlove, and Porter and dismissed Brown's official-capacity claims against all defendants.

The 16 defendants who remain are all residents of Ionia County for venue purposes, *see O'Neill v. Battisti*, 472 F.2d 789, 791 (6th Cir. 1972) (per curiam), and the events giving rise to Brown's complaint occurred in Ionia County at the Bellamy Creek Correctional Facility, where Brown is currently incarcerated. Thus, under 28 U.S.C. § 1391(b), venue is proper in the Western District of Michigan, and transfer to the Western District is in the interest of justice under 28 U.S.C. § 1406(a). *See Miles*

9:36

midoc.gtlvisitme.com

4:28

5G

# Bellamy Creek Correctional Facility (IBC) In-Person Visiting Schedule by Housing Unit

**General questions and visiting applications:**
mdoc-bellamy-public@michigan.gov

## Housing Units: 1 and 8 - Segregation/Temp-Seg

| Visiting Day | Visiting Start Time | Visiting End Time |
|---|---|---|
| Monday, Friday | 8:30 A.M. | 11:30 A.M. |
| Monday, Friday | 12:00 P.M. | 3:00 P.M. |

## Housing Unit 2 - Protective Custody

| Visiting Day | Visiting Start | Visiting End |
|---|---|---|

9:35   SOS

**RE: RE: Visitstion Denied Stolen/...**   ★

O   OE12

4:09   ◄ Gmail   5G

**Validation Failed**

No available times. There are no visitation appointment times available. This may result when the inmate already has visitations scheduled and has reached his/her visitation quota limit. No other days may be available based upon the facilities visitation scheduling policies. Please try scheduling again another day. Max number of simultaneous internet visits has been reached for the facility. Internet Video Visits: Inmate has reached his/her visitation limit of 1 visits for the month containing the selected date. This includes currently scheduled and completed visits. To try again, please select a date outside of the current month and click "Search." If you are unable to select a visitation time, it may be necessary to return to schedule a visit on another day. Face-to-Face Visits: Inmate has reached his/her visitation limit of 4 visits for the month containing the selected date. This includes currently scheduled and completed visits. To try again, please select a date outside of the current month and click "Search." If you are unable to select a visitation time, it may be necessary to return to schedule a visit on another day.

CONTINUE

9:37   SOS

## RE: EMERGENCY PETITION FOR P...   ★

Vroman, Aaron J. (MDOC)

From:
Sent:
To:
Subject:

**CAUTION: This is an External email. Please report suspicious emails via the "Report to Abuse" button in Outlook**

9:40   SOS 📶 ▢

< **RE: Robert Mistreatment** ★

V   Vroman, Aaron J. (MDOC)

From:
Sent:
To:
Subject:

**CAUTION: This is an External email. Please report suspicious emails via the "Report to Abuse" button in Outlook**

**11:13**

SOS



‹   **RE: RE: Robert Mistreatment**   ★

**O**   OE12   ★

**V**   **Vroman, Aaron J. (MDOC)**

Ms. Love,

After speaking and to the Mental Health Supervisor administrative and staff, I have confirmed Robert is st. currently on observation status and continue to a question of this time. Belt has violated has investigated and no ment this is set setting to see, feel, about and in a spoke foss, but an a pending a foothold higher.

Respectfully,

Aaron J. Vroman
Vroman's Administrative Assistant
St. Innis Clerk Correction's Branch
610-527-2000 ext 1 1123-1101

From: OE12 ...
Sent: Tuesday, March ..., 2024 ...PM
To: Vroman, Aaron J. (MDOC) < vromanA ... michigan.gov >
Subject: RE: RE: Robert Mistreatment

**CAUTION: This is an External email. Please report suspicious emails via the "Report to Abuse" button in Outlook**

Laslg,
Case No. 24-18cv2
MDOC employees at IRC ...

    



**The Office of Senator Moss**
Automatic reply: Robert Taylor
Brown Advocacy

**3/02/2026 13:35 PM**

**Ms. Wickwire spoke with me & she told me everything is OK no need to call up here anymore I'll be home soon I feel it mother earth all I kno is I really appreciate everything u have done & really kno God got me! its 1:25pm I'm sitting in the room in the unit just me & another guy we r the PV's prisoners so maybe da best 4 last is a fss guaranteed!**

**Sun**



**From: ROBERT BROWN**

**2/23/2026 12:28 PM**

Mom call up here 911 I just came back in my cell & had a ticket on my floor for 20 days LOP! I wasn't even given a hearing mom that's a DUE PROCESS VIOLATION! I never even knew I got a ticket I was never review or nothing mom also they block me from grieving the issue! like wtf is going on? plz tell them my unit Counselor is on straight folly!



**From: ROBERT BROWN**

**1/15/2026 11:53 AM**

**911!**
**MOM THEY TRYING TO FORCE ME OUT OF PC**
**SAYING I don't NEED PROTECTION! LET THEM**
**KNOW MY SON IS A INFORMANT & HAS**
**COOPERATED ON TARIQ JACKSON'S**
**MURDER CASE & I HAVE A $50,000 PRICE**
**TAG ON MY LIFE! THIS WHY I'M IN PC!**

**CALL UP HERE 911 & ASK FOR VROMAN, ADW**
**HADDEN, & RUM BUSHANE CALL HEDI**
**WASHINGTON & EVERYBODY!**





**From: ROBERT BROWN**
**1/15/2026 11:53 AM**

**911!**
**MOM THEY TRYING TO FORCE ME OUT OF PC**
**SAYING I don't NEED PROTECTION! LET THEM**
**KNOW MY SON IS A INFORMANT & HAS**
**COOPERATED ON TARIQ JACKSON'S**
**MURDER CASE & I HAVE A $50,000 PRICE**
**TAG ON MY LIFE! THIS WHY I'M IN PC!**

**CALL UP HERE 911 & ASK FOR VROMAN, ADW**
**HADDEN, & RUM  BUSHANE CALL HEDI**
**WASHINGTON & EVERYBODY!**





**From: ROBERT BROWN**

**1/15/2026 11:53 AM**

**911 MOM THEY TRYING TO RIDE ME OUT I
NEED YOU TO SECURE MY SAFETY!**



**From: ROBERT BROWN**
**1/15/2026 11:53 AM**

911!
MOM THEY TRYING TO FORCE ME OUT OF PC
SAYING I don't NEED PROTECTION! LET THEM
KNOW MY SON IS A INFORMANT & HAS
COOPERATED ON TARIQ JACKSON'S
MURDER CASE & I HAVE A $50,000 PRICE
TAG ON MY LIFE! THIS WHY I'M IN PC!

CALL UP HERE 911 & ASK FOR VROMAN, ADW
HADDEN, & RUM  BUSHANE CALL HEDI
WASHINGTON & EVERYBODY!



**From: ROBERT BROWN**
**1/15/2026 11:53 AM**

**Mom don't let them get me please 911! If anything happens mommy we have to sue them! Call up here 911 stop them please & thank you!**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

ROBERT TAYLOR BROWN #742378,

Plaintiff,

v.                                                        Case No. 19-cv-11509
                                                          Honorable Thomas L. Ludington
KELLI KLOTZ, C/O NEVINS,                                  Magistrate Judge R. Steven Whalen
C/O CRANE, C/O MUZINS,
HEARING INVESTIGATOR
SALINAS, and WARDEN K.
LINDSEY,

Defendants.
_____/

**OPINION AND ORDER OVERRULING OBJECTION, ADOPTING REPORT AND
RECOMMENDATION, AND DENYING DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT**

On May 22, 2019, Plaintiff Robert Taylor Brown, a prison inmate in the custody of the
Michigan Department of Corrections ("MDOC"), filed a *pro se* civil complaint under 42 U.S.C. §
1983 alleging that several MDOC employees violated his rights under the United States
Constitution. ECF No. 1. On September 4, 2019, all pretrial matters were referred to Magistrate
Judge R. Steven Whalen. ECF No. 18. On November 18, 2019, Defendant Kelli Klotz moved for
summary judgment on the affirmative defense that Plaintiff failed to exhaust his administrative
remedies pursuant to 42 U.S.C. § 1997e(a). ECF No. 23. On August 17, 2020, Magistrate Judge
Whalen issued his report, recommending that Defendant's motion for summary judgment be
denied. ECF No. 32. Defendant filed a timely objection to the Report and Recommendation on
August 31, 2020. ECF No. 33. For the reasons stated below, the objection will be overruled, the
report and recommendation will be adopted, and Defendant's motion will be denied.

Dockets.Justia.com

**I.**

**A.**

Plaintiff's action is based on events that took place at the G. Robert Cotton Correctional
Facility in Jackson, Michigan. ECF No. 1. According to Plaintiff, on May 5, 2019, Defendant
Klotz issued a misconduct ticket to Plaintiff that falsely accused him of possessing bleach in a
bottle that Defendant found in Plaintiff's locker. ECF No. 25 at PageID.163. Plaintiff alleges that
Defendant issued the ticket in retaliation for a § 1983 action that Plaintiff had brought against
Defendant's coworkers. ECF No. 1 at PageID.5. At the subsequent misconduct hearing on May
14, 2019, Plaintiff pled not guilty to the alleged misconduct. ECF No. 25 at PageID.163. He
claimed that the bottle's smell of bleach came from a cleaning solution he used. *Id.* He also raised
the issue of retaliation, consistent with counsel's advice. *Id.* In an opinion dated May 16, 2019, the

**B.**

Defendant's initial brief treated the complaint as though it were based on another



# Brown v. Klotz et al, No. 1:2019cv11509 - Document 7 (E.D. Mich. 2019)

**Full Name:** Brown v. Klotz et al

**Docket Number:** 1:2019cv11509

**Date:** June 4, 2019

**Court Description:** OPINION and ORDER Partially Dismissing Plaintiff's 1 Complaint and Claims Against Defendants Nevins (Correctional Officer/SGT), Crane (Correctional Officer), Muzins (Correctional Officer/LT), Salinas (Hearing Investigator), and K. Lindsey (Warden). Signed by District Judge Thomas L. Ludington. (KWin)



⬇ **Download PDF**



**law.justia.com**

5:24          SOS 🛜 ⬛

☰ JUSTIA          🔍 👤

**Plaintiff:** Robert Taylor Brown

**Cause Of Action:** No cause code entered
**Court:** Sixth Circuit › Michigan › U.S. District Court for the Eastern District of Michigan
**Type:** Prisoner Petitions › Prisoner: Civil Rights

### Robert Brown v. Michael Snyder

Filed: November 16, 2022 as 22-2047
**Plaintiff / Appellant:** ROBERT TAYLOR BROWN
**Defendant / Appellee:** MICHAEL SNYDER
**Court:** Sixth Circuit › U.S. Court of Appeals, Sixth Circuit
**Type:** Prisoner Petitions › Prisoner: Civil Rights

### Robert Brown v. Kelli Klotz

Filed: November 14, 2022 as 22-2039
**Plaintiff / Appellant:** ROBERT TAYLOR BROWN
**Defendant / Appellee:** KELLI KLOTZ, Correctional Officer
**Court:** Sixth Circuit › U.S. Court of Appeals, Sixth Circuit
**Type:** Prisoner Petitions › Prisoner: Civil Rights

### Brown v. Klotz ⚖

Filed: May 22, 2019 as 1:2019cv11509
**Defendant:** Muzins, Nevins, Crane and others
**Plaintiff:** Robert Taylor Brown
**Court:** Sixth Circuit › Michigan › U.S. District Court for the Eastern District of Michigan
**Type:** Prisoner Petitions › Prisoner: Civil Rights

Disclaimer: Justia Dockets & Filings provides public litigation

RSS Feed | View as table | Sort by last update

## Brown v. Martino et al 🔨

Filed: May 14, 2025 as 1:2025cv00556

**Plaintiff:** Robert Taylor Brown #742378

**Defendant:** Unknown Stump, Unknown Mendez, Unknown Peppers and others

**Cause Of Action:** 42 U.S.C. § 1983 Prisoner Civil Rights

**Court:** Sixth Circuit › Michigan › U.S. District Court for the Western District of Michigan

**Type:** Prisoner Petitions › Prisoner: Prison Condition

## Brown v. Martino et al 🔨

Filed: November 21, 2024 as 2:2024cv13092

**Defendant:** Berno, B. Novax, Mendez and others

**Plaintiff:** Robert Taylor Brown

**Cause Of Action:** No cause code entered

**Court:** Sixth Circuit › Michigan › U.S. District Court for the Eastern District of Michigan

**Type:** Prisoner Petitions › Prisoner: Civil Rights

## Robert Brown v. Michael Snyder

Filed: November 16, 2022 as 22-2047

**Plaintiff / Appellant:** ROBERT TAYLOR BROWN

**Defendant / Appellee:** MICHAEL SNYDER

**Court:** Sixth Circuit › U.S. Court of Appeals, Sixth Circuit

**Type:** Prisoner Petitions › Prisoner: Civil Rights

**Rob** ‹ › ⟩ 💻 dockets.justia.com ↻ •••

Filed.       er 1.

**Plaintiff / Appellant:** ROBERT TAYLOR BROWN

9:45  SOS

‹  **Re: RE: Salud Populi Suprema Le...**  ⭐

Sent from _____ for iOS

‑ ‑ ‑ Original Message ‑ ‑ ‑
On Thursday, 03 05 26 at 1:44 Vroman, Aaron J. (MDOC) < _____ > wrote:

Good afternoon

Robert remains on care/observation status. He has been seen by a qualified mental health professional and at this time his placement remains the same. Mental Health staff will continue to be involved with Robert.

Best regards

Aaron J. Vroman

Warden's Administrative Assistant

Bellamy Creek Correctional Facility

_____

From:
Sent:
To:
Cc:

Subject:

9:45   SOS

< **Re: RE: Salud Populi Suprema Le...**

O

O

V   Vroman, Aaron J. (MDOC)

From
Sent
To
Subject

**CAUTION: This is an External email. Please report suspicious emails via the "Report to Abuse" button in**

-------- Original Message --------
On Thursday, 3/30/s/26 at 15:44 Vroman Aaron J. (MDOC) <
wrote:

Good afternoon

Report of symptoms and risk of harm upon visitors to inmates must be by a qualified mental health professional trained in a time for placed. Must complete the same. Mental Health staff assessment must be in to contact a Dr Report

Best regards,

Aaron J. Vroman

Juvenile Administrative Assistant

Bellamy Creek Correctional Facility,

From:
Sent:
To:

9:40   SOS



**OE12**

No he needs to be sent to RTS!

I am ordering you to do that right now!

Transfer Robert to RTS!

We are fully aware of your personnel harming him
We have all the evidence too

I am his power of attorney, and medical durable representative and trained psychologist   A referral has been placed for his RTS transfer immediately!

We need names of all personnel on staff because at the staff at IBC is unqualified not medical health specialist



9:37   SOS

# RE: EMERGENCY PETITION FOR PROOF OF LIFE & FEDERAL TORT CLAIM

o   OE12

v   **Vroman, Aaron J. (MDOC)**



Re: RE: RE: Robert Mistreatment

Vroman, Aaron J. (MDOC)

From
Sent
To:
Subject



### Re: RE: RE: Robert Mistreatment

OE12

Why?

He indicated he was setting up a video visit for us today.
Did you reinstated all Robert's visit.



< Back 11 of 100

**From: ROBERT BROWN**
**2/23/2026 12:28 PM**

Mom call up here 911 I just came back in my cell & had a ticket on my floor for 20 days LOP! I wasn't even given a hearing mom that's a DUE PROCESS VIOLATION! I never even knew I got a ticket I was never review or nothing mom also they block me from grieving the issue! like wtf is going on? plz tell them my unit Counselor is on straight folly!

# MENTAL HEALTH SERVICES

# GUIDEBOOK



**APPROVED BY**: DAVID DAWDY, DIRECTOR
MENTAL HEALTH SERVICES

May 1, 2016



## HEALTH RECORD

You or your guardian may obtain a copy of your prisoner health record through approved Department of Corrections procedures.  However, if a part of this information is believed to be harmful to you or others, this part will be withheld and the reason explained to you.

## MOVEMENT

Your freedom of movement will not be restricted more than is necessary to provide mental health services and assure the safe operation and security of the institution.

## PROTECTION FROM PHYSICAL, SEXUAL PSYCHOLOGICAL AND FIDUCIARY ABUSE

You have the right to a clean, safe environment without physical, sexual, or psychological abuse including humiliations, threats, and exploitation.  You have the right not to be abused or exploited for financial gain.  You should be treated with dignity and respect.  If you should try to harm yourself or another person, or cause others to harm you, or attempt to destroy property, staff will act to prevent this.

## CLINICAL STAFF INFORMATION

All appointed clinical staff are licensed, registered or certified by his or her professional organization and/or by the State.  All clinical staff practice under a professional code of ethics that serves as a guideline for professional conduct, with an overriding premise of promoting dignity and individual rights of each prisoner.  All credentials of appointed clinical staff are verified prior to his or her appointment.

## CONTACTING THE CORRECTIONS MENTAL HEALTH RIGHTS SPECIALIST

If you have questions concerning your rights and/or responsibilities as a prisoner receiving services from Mental Health Services, you may use the enclosed form, "Request for Consultation with the Corrections Mental Health Rights Specialist" (CHJ-318), to request a written consultation with the Corrections Mental Health Rights Specialist.  The Corrections Mental Health Rights Specialist will consult with the Office of Recipient Rights for follow-up on cases, as necessary.  Additional forms (CHJ-318) may be obtained from Mental Health Services staff.  This is not a grievance process.

## INTERPRETER/TRANSLATION SERVICES AND ADAPTIVE DEVICES

When requested by you and/or your treatment team, and when administratively possible Mental Health Services where you are housed will request:
- An interpreter for those who are hearing-impaired;
- A translator for non-English or limited-English-proficient patients; or
- Material and equipment for patients who are visually challenged.

6

# Welcome to ARF RTP 4 Block

We hope that your time with us will help you.  The team is here to improve your all-around well-being, but mostly your mental health. The team includes the Ms. Donnelly, A/Unit Chief; Dr. Esu, Nurse Practitioner; Ms. Hicks, Recreational Therapist; Ms. Miller, QMHP; Ms. Wright, QMHP and Mr. Zimmerman, QMHP.

Your Primary QMHP/Case Manager is _M S . Miller_ / _____.

 The team will assess your mental health to get an idea of what kind of treatment would help you the most. A treatment plan will be made with your input as a guide for your care.  Your Case Manager will go over this plan with you every 6 months or as changes in your treatment are needed.

To help you get used to this facility and team, here are some things you should know.

- Treatment Team Meetings are held on Tuesday and Friday at 11:00 am in the treatment team room located in the unit.  You will be able to ask questions and give input about your mental health to the team at your 10 day, 6 month and annual revi
- The team you are currently working with does not use seclusion or restraints as a treatment method.
- Smoking, smoking material and illegal drugs are not to be used at this facility. Use and possession of illegal drugs will result in getting a misconduct ticket.
- Misuse of prescription medication, including taking medications that do not belong to you, or giving your medications to another person, is not allowed.
- Weapons of any kind are not allowed in this facility.
- There is no charge for services offered by MHS staff.
- Should you wish, an "Advance Directive/Durable Power of Attorney" related to your mental health is available for you to complete.
- Hours your team is available 8:00 am to 4:30 pm.
- You may be sent to another facility as needed.
- A rights booklet was given to you when care started.  Please review it. It has information about your rights and care.
- You must kite mental health staff if you would like to be seen by your assigned QMHP or case manager outside of normal scheduled groups and assessments. Then mental health kite box is the black box located directly outside the nurse's station (if facing the medline door it is to the right).

12/13/2023



# EXHIBIT K – FEDERAL TORT CLAIM & EMERGENCY PETITION FOR PROOF OF LIFE

This document serves as a federal tort claim and emergency petition requesting immediate verification of life, safety, and custodial status of Robert Taylor Brown (MDOC #742378).

# BROWN-TAYLOR FAMILY PETITION

## PRIVATE FAMILY OF BROWN TAYLOR MDOC # 7423378 CIVIL COVER SHEET – JS 44 FORMAT

### FEDERAL TORT CLAIM AND EMERGENCY PETITION FOR PROOF OF LIFE

42 U.S.C. § 1983 | 28 U.S.C. § 2241 | 18 U.S.C. § 242

Case No. 1:2025cv00556 (Related) | MDOC #742378

## I. PLAINTIFFS – FIRST PERSON CLAIMANTS (FAMILY OF BROWN-TAYLOR)

**PRIMARY PLAINTIFF:** The Family of Brown-Taylor, on behalf of and as Next Friend for
**ROBERT TAYLOR BROWN #742378**
A living man, father, uncle, cousin, and independent businessman
In the unlawful custody of the Michigan Department of Corrections ("MDOC")
His whereabouts, safety, and condition of confinement are unknown and have been concealed

**FILING PARTIES:**

- **[Name of Mother/Family Representative]** , as Natural Mother and Next Friend
- **[Names of Additional Family Members]** , as siblings, children, and family of Robert Taylor Brown

- All acting in proper personam as first person claimants

**CONTACT EMAIL:**12iwillalways@proton.me
**DATE OF DEMAND:** March 16, 2026

**CUSTODIAL INFORMATION:**

| Field | Details |
|-------|---------|
| **Prisoner Name** | Robert Taylor Brown |
| **MDOC Number** | #742378 |
| **Facility** | Unknown – Concealed by MDOC |
| **Prior Cases** | Brown v. Martino et al, 1:2025cv00556 (W.D. Mich.); Brown v. Klotz, 19-cv-11509 (E.D. Mich.) |
| **Status** | UNKNOWN – PROOF OF LIFE DEMANDED |

# II. DEFENDANTS – ALL PERSONS ACTING UNDER COLOR OF LAW

**PRIMARY DEFENDANTS:**

|  | Role/Capacity |
|--|---------------|
| **Michigan Department of Corrections (MDOC)** | State agency with custody and fiduciary duty |
| **Unknown Stump** | MDOC Employee |
| **Unknown Mendez** | MDOC Employee |
| **Unknown Peppers** | MDOC Employee |
| **N. Brooke** | MDOC Employee |
| **Unknown Madox** | MDOC Employee |
| **Unknown Mexmitt** | MDOC Employee |
| **Unknown Neimick** | MDOC Employee |
| **Unknown Dora** | MDOC Employee |
| **B. Novax** | MDOC Employee |
| **Unknown Armstrong** | MDOC Employee |
| **Unknown Ashman** | MDOC Employee |
| **Unknown Houghton** | MDOC Employee |
| **Unknown Birdsley** | MDOC Employee |

2

| | Role/Capacity |
|---|---|
| Unknown Remeriez | MDOC Employee |
| Unknown Berno | MDOC Employee |
| Unknown Gillespie | MDOC Employee |
| Kelli Klotz | MDOC Employee; previously sued for retaliation |
| C/O Nevins | MDOC Employee |
| C/O Crane | MDOC Employee |
| C/O Muzins | MDOC Employee |
| Hearing Investigator Salinas | MDOC Employee |
| Warden K. Lindsey | MDOC Employee |
| All Judges and Clerks | Who have participated in concealing information or obstructing family access |
| Oversight Committees | All legislative and administrative bodies with supervisory authority over MDOC |
| All Persons Acting Under Color of Law | Who have deprived the Brown-Taylor family of their constitutional rights |

# III. BASIS OF JURISDICTION

| | BASIS | |
|---|---|---|
| [X] | 3 Federal Question | 28 U.S.C. § 1331; 28 U.S.C. § 1343; 42 U.S.C. § 1983; 28 U.S.C. § 2241; 18 U.S.C. § 242; U.S. Const. amends. I, VIII, XIV |

## FEDERAL QUESTION BASIS:

This action arises under the Constitution and laws of the United States, specifically:

- **42 U.S.C. § 1983** – Civil action for deprivation of rights
- **28 U.S.C. § 2241** – Writ of habeas corpus (for production of person)
- **18 U.S.C. § 242** – Deprivation of rights under color of law
- **U.S. Const. Amend. I** – Right to familial association and communication
- **U.S. Const. Amend. VIII** – Cruel and unusual punishment (conditions of confinement)
- **U.S. Const. Amend. XIV** – Due process and equal protection
- **Prison Litigation Reform Act**, 42 U.S.C. § 1997e (exhaustion requirements)
- **Federal Tort Claims Act**, 28 U.S.C. §§ 1346(b), 2671-2680 (for tort claims against government)

3

## IV. NATURE OF SUIT

| CODE | NATURE OF SUIT |
| --- | --- |

[X]  550 Prisoner: Prison Conditions

[X]  530 Habeas Corpus – General

[X]  535 Habeas Corpus – Death Penalty (analogous to "civil death" by concealment)

[X]  440 Other Civil Rights

[X]  555 Prison Condition

[X]  950 Constitutionality of State Statutes

[X]  890 Other Statutory Actions (42 U.S.C. § 1983; 28 U.S.C. § 2241)

[X]  362 Personal Injury – Medical Malpractice (if harm is found)

[X]  440 Other Civil Rights (familial association)

## V. CAUSE OF ACTION – STATEMENT OF FACTS AND LEGAL CLAIMS

### STATEMENT OF FACTS

### IT IS HEREBY DECLARED AND BROUGHT TO THE ATTENTION OF THIS COURT:

1. **Robert Taylor Brown (#742378)** is a human being, a living man, a father, brother, uncle, cousin, and independent businessman. He is in the custody of the Michigan Department of Corrections (MDOC).
2. He has written warnings about his situation. **Nobody listened.**
3. His family showed up to inquire. **They were threatened.**
4. The family has called, emailed, and demanded information. **They have been met with silence and obstruction.**
5. As of the filing of this Complaint, **the family does not know if Robert Taylor Brown is alive, where he is housed, or what his condition is.**
6. A mother should never have to file a federal lawsuit just to find out if her child is alive.
7. This is not merely a disagreement about prison policies. This is a matter of **fundamental human rights** – the right to know if a family member is alive, the right to communicate with a detained loved one, and the right to be free from cruel and unusual punishment inflicted through concealment and isolation.

4

8. The MDOC and its employees, named and unknown, acting under color of law, have willfully concealed the whereabouts, safety, and condition of Robert Taylor Brown, thereby depriving his family of their constitutional rights.

9. Prior litigation, including **Brown v. Martino et al, Case No. 1:2025cv00556 (W.D. Mich.)** , and **Brown v. Klotz, Case No. 19-cv-11509 (E.D. Mich.)** , establishes a pattern of conduct by MDOC employees toward this prisoner.

10. In **Brown v. Klotz**, the court found that Plaintiff had properly raised retaliation claims and that issues of material fact existed regarding exhaustion of remedies . This demonstrates that Robert Taylor Brown has actively sought to vindicate his rights, and retaliation has been alleged.

11. The concealment of a prisoner's location and condition, and the denial of family communication, constitutes:
    o Deprivation of rights under color of law (18 U.S.C. § 242)
    o Violation of civil rights (42 U.S.C. § 1983)
    o Cruel and unusual punishment (Eighth Amendment)
    o Deprivation of familial association (First and Fourteenth Amendments)
    o Tortious conduct including intentional infliction of emotional distress, negligence, and breach of fiduciary duty

12. The **MDOC Offender Tracking Information System (OTIS)** is the official database for locating prisoners . If this system is being used to conceal rather than reveal, it is a fraud upon the public and a violation of state and federal law.

## COUNT I: DEPRIVATION OF RIGHTS UNDER COLOR OF LAW – 42 U.S.C. § 1983

**IT IS HEREBY DECLARED AND ENFORCED:**

The Defendants, acting under color of state law, have deprived Plaintiffs of rights secured by the Constitution and laws of the United States, including:

- **First Amendment right to familial association and communication–** The right of family members to associate with and communicate with an incarcerated loved one is a fundamental right. Defendants have deprived Plaintiffs of this right by concealing Robert Taylor Brown's whereabouts and condition, and by refusing to confirm whether he is alive.
- **Eighth Amendment right to be free from cruel and unusual punishment** – The concealment of a prisoner's condition, and the infliction of uncertainty and anguish upon his family, constitutes cruel and unusual

5

punishment. The prisoner himself is subjected to the cruelty of isolation and the denial of human contact.

- **Fourteenth Amendment due process rights** – Plaintiffs have been deprived of their interest in the life, safety, and well-being of their family member without due process of law. They have been denied access to information, denied the ability to communicate, and denied the most basic assurance that their son/brother/father is alive.

## Elements of § 1983 Claim :

1. Conduct by a person acting under color of state law
2. Deprivation of rights secured by the Constitution or federal law
3. Causation
4. Damages

**Application:** All Defendants are state actors (MDOC employees, judges, clerks, oversight officials). They have deprived Plaintiffs of their constitutional rights by concealing information and refusing to provide Proof of Life.

## COUNT II: DEPRIVATION OF RIGHTS UNDER COLOR OF LAW – CRIMINAL REFERRAL UNDER 18 U.S.C. § 242

### IT IS HEREBY DECLARED AND ENFORCED:

Whoever, under color of any law, statute, ordinance, regulation, or custom, willfully subjects any person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States shall be fined or imprisoned [citation: 18 U.S.C. § 242].

### Elements:

1. Person acting under color of law
2. Willful conduct
3. Deprivation of constitutional or federal rights

**Application:** The conduct described herein constitutes willful deprivation of rights. This Court is respectfully requested to refer this matter to the United States Attorney for the Eastern District of Michigan and the Civil Rights Division of the Department of Justice for criminal investigation and prosecution.

6

## COUNT III: PETITION FOR WRIT OF HABEAS CORPUS – 28 U.S.C. § 2241

### (For Production of Person – Proof of Life)

### IT IS HEREBY DECLARED AND ENFORCED:

The writ of habeas corpus ad subjiciendum is a remedy available to any person, or their representative, to inquire into the cause of detention and to require production of the person before the court.

**28 U.S.C. § 2241(c)(3)** provides that the writ of habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution or laws or treaties of the United States."

### Application:

- The concealment of Robert Taylor Brown's whereabouts and condition, and the refusal to confirm whether he is alive, constitutes custody in violation of the Constitution.
- The family, as next friends, have standing to petition for the writ.
- The writ demands that the Respondents produce the body of Robert Taylor Brown before the Court, or provide certified proof that he is alive and state his location and condition.
- This is not merely a request – it is a demand for the ancient and fundamental remedy against unlawful detention and concealment.

## COUNT IV: TORT CLAIMS – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS, NEGLIGENCE, AND FRAUD

### IT IS HEREBY DECLARED AND ENFORCED:

### Intentional Infliction of Emotional Distress:

- Defendants' conduct in concealing a prisoner's location and condition, and in refusing to provide Proof of Life to his family, is extreme and outrageous.
- This conduct has caused severe emotional distress to his mother, siblings, children, and other family members.

7

- A mother should never have to file a federal lawsuit just to find out if her child is alive.

## Negligence:

- Defendants owe a duty of care to prisoners and their families.
- Defendants breached that duty by failing to maintain accurate records, by failing to provide information, and by acting with indifference to the family's plight.
- The family has suffered damages as a direct and proximate result.

## Fraud and Misrepresentation:

- If the MDOC OTIS system or other official records are being manipulated to conceal rather than reveal, this constitutes fraud upon the public.
- Defendants have made implied representations that the system is accurate and reliable. Those representations are false.

## COUNT V: VIOLATION OF RIGHT TO FAMILIAL ASSOCIATION

## IT IS HEREBY DECLARED AND ENFORCED:

The Supreme Court has recognized that the Constitution protects "certain kinds of highly personal relationships" [citation: Overton v. Bazzetta, 537 U.S. (2003)]. While incarceration necessarily restricts these rights, it does not extinguish them entirely.

In **Overton v. Bazzetta**, the Court upheld certain prison visitation restrictions but acknowledged that the right to maintain familial relationships survives incarceration, subject to legitimate penological interests [citation: Overton v. Bazzetta].

## Application:

- The complete concealment of a prisoner's location and condition goes far beyond any legitimate penological interest.
- The family has been denied even the most basic assurance that their loved one is alive.
- This is not a restriction on visitation – it is a complete denial of knowledge and communication.

8

**COUNT VI: HOLDING JUDGES, CLERKS, COURTS, AND OVERSIGHT COMMITTEES LIABLE**

**IT IS HEREBY DECLARED AND ENFORCED:**

**Absolute judicial immunity does not protect judges acting in the complete absence of jurisdiction.**

As held in **Mireles v. Waco, 502 U.S. 9 (1991)**, there are two exceptions to absolute judicial immunity:

1. When the judge's actions are taken outside his role as a judge (non-judicial conduct)
2. When the judge's actions are taken in the complete absence of all jurisdiction

**Application to this case:**

- Any judge, clerk, or court official who has participated in concealing information, obstructing family access, or failing to exercise supervisory authority over MDOC is on notice.
- If these officials have acted without proper oath, without proper bond, or in complete absence of jurisdiction, they enjoy no immunity.
- This Court is respectfully requested to examine whether all judges and clerks involved have complied with 5 U.S.C. § 3331 (oath of office) and applicable bonding requirements.
- If they have not, their acts are void and they are personally liable.

**Oversight Committees:**

- All legislative and administrative bodies with supervisory authority over MDOC have a duty to ensure that prisoners are accounted for and that families are informed.
- Their failure to act, their failure to investigate, and their failure to remedy this situation constitutes deliberate indifference and participation in the concealment.

# VI. EXHAUSTION OF ADMINISTRATIVE REMEDIES

**IT IS HEREBY DECLARED:**

9



Under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), prisoners must exhaust available administrative remedies before filing suit.

However, **the family has exhausted all available remedies**:

1. They have shown up. They were threatened.
2. They have called. They were ignored.
3. They have emailed. They were met with silence.
4. They have demanded. They were refused.

The administrative remedies are **unavailable** when prison officials thwart exhaustion through threats, intimidation, or concealment [citation: Brown v. Klotz, ECF No. 32 at PageID.195–200] .

Furthermore, the claim for Proof of Life is not subject to the PLRA's exhaustion requirements because it is an **emergency habeas claim** under 28 U.S.C. § 2241, seeking production of the person.

## VII. IMMEDIATE RELIEF DEMANDED

**WHEREFORE, Plaintiffs respectfully demand the following immediate relief:**

| | Deadline | |
|---|---|---|
| **IMMEDIATE PROOF OF LIFE** for Robert Taylor Brown #742378 | 24 HOURS | 28 U.S.C. § 2241; U.S. Const. amends. VIII, XIV |
| **IMMEDIATE DISCLOSURE** of his current location, facility, and housing unit | 24 HOURS | Right to familial association; due process |
| **IMMEDIATE DISCLOSURE** of his medical and mental health condition | 24 HOURS | Eighth Amendment; medical records access |
| **IMMEDIATE ACCESS** to communication by telephone and mail | 24 HOURS | First Amendment |
| **IMMEDIATE VISITATION** by family members | 72 HOURS | First Amendment; Overton v. Bazzetta |
| **IMMEDIATE ACCOUNTING** of all records pertaining to his custody | 10 DAYS | FOIA; state law; court records |
| **IMMEDIATE PRESERVATION** of all evidence, records, and communications | IMMEDIATELY | Spoliation prohibition |

10

## ADDITIONAL DEMANDS:

| | Description |
|---|---|
| **Declaratory Judgment** | That the concealment of a prisoner's location and condition from family violates the Constitution |
| **Injunctive Relief** | Enjoining MDOC from continuing to conceal prisoner information |
| **Compensatory Damages** | For emotional distress, suffering, and loss of familial association |
| **Punitive Damages** | For willful, wanton, and malicious conduct |
| **Attorney's Fees and Costs** | Under 42 U.S.C. § 1988 |
| **Criminal Referral** | To U.S. Attorney and DOJ Civil Rights Division under 18 U.S.C. § 242 |
| **Contempt Findings** | Against any party failing to comply with Court orders |

# VIII. CASE LAW AUTHORITIES – STRINGENT ENFORCEMENT

| | Citation | |
|---|---|---|
| **Overton v. Bazzetta** | 537 U.S. (2003) | Prison visitation regulations are valid if rationally related to legitimate penological interests; the right to familial association survives incarceration [citation: Overton v. Bazzetta] |
| **Mireles v. Waco** | 502 U.S. 9 (1991) | Two exceptions to absolute judicial immunity: (1) non-judicial conduct; (2) complete absence of jurisdiction |
| **Brown v. Klotz** | No. 19-cv-11509 (E.D. Mich. 2020) | Robert Taylor Brown properly exhausted retaliation claims; issues of fact remained regarding exhaustion |
| **Chrzan v. Mackay** | (E.D. Mich.) | Standard for exhaustion of retaliatory misconduct ticket claims: prisoner must raise claim at hearing and, if unsuccessful, pursue rehearing or appeal |
| **Jones v. Bock** | 549 U.S. 199 (2007) | Defendants bear the burden of proving failure to exhaust |
| **Screws v. United States** | 325 U.S. 91 (1945) | "Willfully" under § 242 requires specific intent; jury may consider all attendant circumstances |
| **United States v. Lanier** | 520 U.S. 259 (1997) | Fair warning standard for § 242; unlawfulness of conduct need only be apparent |

11

## IX. JURISDICTION AND VENUE



| | Determination |
|---|---|
| **District** | Eastern District of Michigan (proper venue for claims against MDOC) |
| **Division** | Northern Division (or Southern Division as appropriate) |
| **Related Case** | Brown v. Martino et al, Case No. 1:2025cv00556 (W.D. Mich.) – respectfully requests consolidation or transfer if appropriate |
| **Related Case** | Brown v. Klotz, Case No. 19-cv-11509 (E.D. Mich.) – history of prior litigation |

## X. SELF-AUTHENTICATION – FEDERAL RULE OF EVIDENCE 902

**NOTICE TO ALL PARTIES:**

This CIVIL COVER SHEET – FEDERAL TORT CLAIM AND EMERGENCY PETITION FOR PROOF OF LIFE, together with all attached exhibits and supporting documents, is **SELF-AUTHENTICATING** pursuant to **Federal Rule of Evidence 902**. **NO EXTRINSIC EVIDENCE OF AUTHENTICITY IS REQUIRED FOR ADMISSION.**

The following documents are self-authenticating under FRE 902:

- 902(1) – Domestic public documents under seal (court records)
- 902(4) – Certified copies of public records (MDOC records, once produced)
- 902(8) – Acknowledged documents
- 902(11) – Certified domestic records of regularly conducted activity
- 902(13) – Certified records generated by electronic process or system (OTIS database)
- 902(14) – Certified data copied from electronic device, storage medium, or file

## XI. VERIFICATION AND DECLARATION

**I, [Name of Family Representative]** , as Natural Mother and Next Friend of Robert Taylor Brown, and on behalf of the Brown-Taylor Family, do hereby declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief:

12

1. I am the mother/family member of Robert Taylor Brown, MDOC #742378.
2. I have made repeated attempts to ascertain his location, safety, and condition.
3. I have been threatened, ignored, and refused.
4. I do not know if my son/brother/family member is alive.
5. A mother should never have to file a federal lawsuit just to find out if her child is alive.
6. I demand immediate Proof of Life.
7. I demand that all responsible parties be held accountable.
8. I make this declaration in proper personam, without waiver of any rights, and reserving all rights under UCC 1-308.

**Dated:** March 16, 2026

**AUTOGRAPH:** __

**/s/ [Name of Family Representative]**

**On behalf of the Brown-Taylor Family**

**Address:** [Family Address]

**Email:** 12iwillalways@proton.me

# XII. CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of March, 2026, a true and correct copy of the foregoing CIVIL COVER SHEET – FEDERAL TORT CLAIM AND EMERGENCY PETITION FOR PROOF OF LIFE was served upon:

**Primary Defendants:**

| ███████████████████ | **Address** |
|---|---|
| Michigan Department of Corrections | 206 East Michigan Avenue, Grandview Plaza, PO Box 30003, Lansing, MI 48909 |
| Office of the Attorney General, State of Michigan | P.O. Box 30212, Lansing, MI 48909 |

13

| ████████████ | Address |
|---|---|
| MDOC Office of Public Information and Communications | (517) 335-1426 |

## Federal Agencies:

| ████████████ | Address |
|---|---|
| U.S. Attorney for the Eastern District of Michigan | 211 W. Fort Street, Suite 2001, Detroit, MI 48226 |
| U.S. Department of Justice – Civil Rights Division | 950 Pennsylvania Avenue NW, Washington, DC 20530 |
| Federal Bureau of Investigation – Detroit Field Office | 477 Michigan Avenue, Detroit, MI 48226 |

**All Defendants Named Herein** (by publication)

# XIII. IMMEDIATE ACTION REQUIRED

## TO THE CLERK OF COURT:

This is an **EMERGENCY PETITION**involving the fundamental human right to know if a person in government custody is alive. The family of Robert Taylor Brown has been denied even this most basic assurance.

**This case demands immediate judicial attention.**

Please process this filing forthwith and present it to the duty judge for emergency consideration.

## TO THE COURT:

A mother should never have to file a federal lawsuit just to find out if her child is alive.

The Constitution does not permit this.

The laws of the United States do not permit this.

The conscience of humanity does not permit this.

14

**We demand:**

- **PROOF OF LIFE** within 24 hours
- **PRODUCTION OF THE BODY** under 28 U.S.C. § 2241
- **ACCOUNTABILITY** for all who have participated in this concealment

**SO ORDERED, SO DECREED, SO RECORDED.**

**END OF FILING**

*By: The Brown-Taylor Family, on behalf of Robert Taylor Brown #742378*
*A living man, father, brother, uncle, cousin, and independent businessman*
*His location is unknown. His condition is unknown. His life is unknown.*
*All rights reserved without prejudice.*
*Self-authenticating under FRE 902.*

15

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**
Oasis Malka Love, a.k.a Jeanine Renee Brown,

**(b)** County of Residence of First Listed Plaintiff Oakland
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

**DEFENDANTS**
Michigan Department Corrections, et al.;

County of Residence of First Listed Defendant Ionia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

[X] 1  U.S. Government
Plaintiff

[ ] 2  U.S. Government
Defendant

[ ] 3  Federal Question
*(U.S. Government Not a Party)*

[ ] 4  Diversity
*(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                          *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                                    Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | [ ] 625 Drug Related Seizure | [ ] 422 Appeal 28 USC 158 | [ ] 375 False Claims Act |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 365 Personal Injury - | of Property 21 USC 881 | [ ] 423 Withdrawal | [ ] 376 Qui Tam (31 USC |
| [ ] 130 Miller Act | [ ] 315 Airplane Product | Product Liability | [ ] 690 Other | 28 USC 157 | 3729(a)) |
| [ ] 140 Negotiable Instrument | Liability | [ ] 367 Health Care/ | | **INTELLECTUAL** | [ ] 400 State Reapportionment |
| [ ] 150 Recovery of Overpayment | [ ] 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | [ ] 410 Antitrust |
| & Enforcement of Judgment | Slander | Personal Injury | | [ ] 820 Copyrights | [ ] 430 Banks and Banking |
| [ ] 151 Medicare Act | [ ] 330 Federal Employers' | Product Liability | | [ ] 830 Patent | [ ] 450 Commerce |
| [ ] 152 Recovery of Defaulted | Liability | [ ] 368 Asbestos Personal | | [ ] 835 Patent - Abbreviated | [ ] 460 Deportation |
| Student Loans | [ ] 340 Marine | Injury Product | | New Drug Application | [ ] 470 Racketeer Influenced and |
| (Excludes Veterans) | [ ] 345 Marine Product | Liability | | [ ] 840 Trademark | Corrupt Organizations |
| [ ] 153 Recovery of Overpayment | Liability | **PERSONAL PROPERTY** | **LABOR** | [ ] 880 Defend Trade Secrets | [ ] 480 Consumer Credit |
| of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 370 Other Fraud | [ ] 710 Fair Labor Standards | Act of 2016 | (15 USC 1681 or 1692) |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle | [ ] 371 Truth in Lending | Act | | [ ] 485 Telephone Consumer |
| [ ] 190 Other Contract | Product Liability | [ ] 380 Other Personal | [ ] 720 Labor/Management | **SOCIAL SECURITY** | Protection Act |
| [ ] 195 Contract Product Liability | [ ] 360 Other Personal | Property Damage | Relations | [ ] 861 HIA (1395ff) | [ ] 490 Cable/Sat TV |
| [ ] 196 Franchise | Injury | [ ] 385 Property Damage | [ ] 740 Railway Labor Act | [ ] 862 Black Lung (923) | [ ] 850 Securities/Commodities/ |
| | [ ] 362 Personal Injury - | Product Liability | [ ] 751 Family and Medical | [ ] 863 DIWC/DIWW (405(g)) | Exchange |
| | Medical Malpractice | | Leave Act | [ ] 864 SSID Title XVI | [ ] 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | [ ] 790 Other Labor Litigation | [ ] 865 RSI (405(g)) | [ ] 891 Agricultural Acts |
| [ ] 210 Land Condemnation | [X] 440 Other Civil Rights | **Habeas Corpus:** | [ ] 791 Employee Retirement | | [ ] 893 Environmental Matters |
| [ ] 220 Foreclosure | [ ] 441 Voting | [ ] 463 Alien Detainee | Income Security Act | **FEDERAL TAX SUITS** | [ ] 895 Freedom of Information |
| [ ] 230 Rent Lease & Ejectment | [ ] 442 Employment | [ ] 510 Motions to Vacate | | [ ] 870 Taxes (U.S. Plaintiff | Act |
| [ ] 240 Torts to Land | [ ] 443 Housing/ | Sentence | | or Defendant) | [ ] 896 Arbitration |
| [ ] 245 Tort Product Liability | Accommodations | [ ] 530 General | | [ ] 871 IRS—Third Party | [ ] 899 Administrative Procedure |
| [ ] 290 All Other Real Property | [ ] 445 Amer. w/Disabilities - | [ ] 535 Death Penalty | **IMMIGRATION** | 26 USC 7609 | Act/Review or Appeal of |
| | Employment | **Other:** | [ ] 462 Naturalization Application | | Agency Decision |
| | [ ] 446 Amer. w/Disabilities - | [ ] 540 Mandamus & Other | [ ] 465 Other Immigration | | [ ] 950 Constitutionality of |
| 440 | Other | [ ] 550 Civil Rights | Actions | | State Statutes |
| | [ ] 448 Education | [ ] 555 Prison Condition | | | |
| | | [ ] 560 Civil Detainee - | | | |
| | | Conditions of | | | |
| | | Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

[X] 1 Original
Proceeding

[ ] 2 Removed from
State Court

[ ] 3 Remanded from
Appellate Court

[ ] 4 Reinstated or
Reopened

[ ] 5 Transferred from
Another District
*(specify)*

[ ] 6 Multidistrict
Litigation -
Transfer

[ ] 8 Multidistrict
Litigation -
Direct File

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:

Brief description of cause:

**VII. REQUESTED IN
COMPLAINT:**

[ ] CHECK IF THIS IS A **CLASS ACTION**
UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    [ ] Yes    [ ] No

**VIII. RELATED CASE(S)
IF ANY**

*(See instructions):*

JUDGE _____    DOCKET NUMBER _____

DATE

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**